STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE, SC. SUPERIOR COURT

C.A. NO. PC 07- 3776

HEIDI M. BAKER

vs.

SAFETY SOURCE NORTHEAST
and ST. PAUL TRAVELERS INSURANCE

**COMPLAINT FOR DECLARATORY JUDGEMENT**

The plaintiff, Heidi Baker, brings this action pursuant to R.I.G.L. 9-30-1 et seq. seeking a Judgment declaring that the defendants, Safety Source Northeast and St. Paul Travelers Insurance is not entitled to deny certain coverage's under a policy of insurance, Policy Number WVA570040809W001 for claims arising out of an automobile accident which occurred on December 17, 2002, in the State of Massachusetts.

**COUNT I**

1. The defendants, St. Paul Travelers Insurance Company is a Florida company licensed to do business in the States of Rhode Island and Massachusetts. Safety Source Northeast is company with their headquarters' in Massachusetts, which also has a satellite office in the State of Rhode Island.

2. The plaintiff, Heidi Baker is a resident of the State of Rhode Island and was employed by Safety Source Northeast.

3. On or about December 17, 2002 a policy of insurance numbered WVA570040809W001 was in full force and effect and issued to the defendant, Safety Source Northeast.

4. Said policy of insurance contained coverage and limits of underinsured bodily injury in the amount of $100,000 per occurrence.

5. On or about December 17, 2002, Heidi Baker was working and operating a vehicle owned by Safety Source Northeast.

6. The plaintiff, Heidi Baker was traveling north on the Southeast Expressway in Boston, Massachusetts responding to a customer of Safety Source Northeast.

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK

2007 AUG -1 P 3: 01

7. While Ms. Baker was driving on the exit her vehicle was struck from behind and transported to the hospital for her injuries. As result of her injuries she needed surgery to her neck and has visible scarring plus a permanent disability.

8. The insurance coverage of the party responsible for the accident was insufficient to cover the medical cost and injuries sustained by Ms. Baker.

9. Ms. Baker submitted a claim through her employer's underinsured bodily injury policy for her medical cost and injuries.

10. St. Paul Travelers Insurance has denied her request for coverage averring that coverage does not apply because Ms. Baker had filed and collected Workers Compensation benefits through the State of Rhode Island for her injuries in this accident. St. Paul Travelers reason for denial is pursuant to the holding in the case of <u>Berger v. H.P. Hood, Inc.</u>, 416 Mass. 652, 624 N.E. 2d 947 (1993), (See Exhibit 1. attached hereto); which the Massachusetts Supreme Court has held the exclusivity provision of the Worker's Compensation Act is to bar an employee recovering underinsured motorist benefits from the employer for the same injury that occurred in the course of her employment for which worker's compensation benefits had been paid.

11. It is the position of Ms. Baker that the defendant's reason for denial of coverage is defective for the following reasons;
    1. Ms. Baker has always been a resident of the State of Rhode Island;
    2. She applied for and received her worker's compensation benefits through the State of Rhode Island;
    3. She was not eligible for worker's compensation in the State of Massachusetts;
    4. According to the Rhode Island Law of Workers Compensation Edition 2005, Section on Employer's/Employee's Uninsured Coverage, page 148, (See Exhibit 2.) an employee who is in an auto accident while on duty can collect both Worker's Compensation and uninsured motorist's benefits from his employer's auto insurer. Since his employer's insurer does not represent a third-party tortfeasor, the insurer cannot take credit or seek reimbursement against Workers Compensation benefits. See <u>Hull v. Town of Plymouth,</u> N.H. Supreme Court, No. 95-835, March 3, 1999, (See Exhibit 3.) See <u>Shutter v. Philips Display Co.</u>, 90 N.Y.2d 703 (1997). (See Exhibit 4.)

WHEREFORE, the plaintiff request that this court enter an Order granting coverage to the plaintiff pursuant to the policy of insurance cited above and grants such other relief as this court deems just and appropriate.

Heidi M. Baker
By Its Attorney,

William F. Warren (#5766)
454 Broadway
Providence, Rhode Island 02909
(401) 751-3900
(401) 751-0404 (fax)