# EXHIBIT 1

. H.P. Hood, Inc.Mass.,1993.
Supreme Judicial Court of
Massachusetts,Middlesex.
Joanne E. BERGER [FN1]

FN1. Individually and as administratrix of he estate of Gerard P. Berger.

v.

P. HOOD, INC., & another [FN2] (and a consolidated case [FN3]).

'N2. American Mobile Corporation.

'N3. *Berger v. First State Insurance Co.* nd Massachusetts Insurers Insolvency und.

Argued Sept. 13, 1993.
Decided Dec. 23, 1993.

's wife filed actions against employer, s subsidiary, and employer's insurers, iderinsured motorist benefits for death of in automobile accident during course of nt. The Superior Court Department, Mitchell, Jr., J., consolidated cases and McHugh, J., entered final judgments ife. The Supreme Judicial Court on its itive transferred case from the Appeals e Supreme Judicial Court, Abrams, J., (1) exclusivity provision of Workers' ion Act barred recovery of underinsured enefits from employer or employer's ability and umbrella insurers; (2) motorist statute did not require excess licies or umbrella policies to provide d motorist benefits; and (3) employer's wned subsidiary that owned truck was driving at time of accident was ntity separate from employer and, thus, of claim against employer did not bar claim against subsidiary.

Affirmed in part, and vacated and remanded in part.

West Headnotes

**[1] Workers' Compensation 413 ⟹2084**

413 Workers' Compensation
413XX Effect of Act on Other Statutory or Common-Law Rights of Action and Defenses
413XX(A) Between Employer and Employee
413XX(A)1 Exclusiveness of Remedies Afforded by Acts
413k2084 k. In General. Most Cited Cases

Exclusivity provision of Workers' Compensation Act barred employee from recovering underinsured motorist benefits from employer for same injury that occurred in course of employment for which workers' compensation benefits had been paid, regardless of whether claim against employer was characterized as contractual or sounding in tort. M.G.L.A. c. 152, § 23; c. 175, § 113L.

**[2] Insurance 217 ⟹2774**

217 Insurance
217XXII Coverage--Automobile Insurance
217XXII(D) Uninsured or Underinsured Motorist Coverage
217k2773 Mandatory Coverage
217k2774 k. In General. Most Cited Cases
(Formerly 217k130.5(1))

Uninsured motorist statute does not require excess liability policies or umbrella policies to provide underinsured motorist benefits; protection contemplated by statute is satisfied by minimum coverage provided in underlying primary automobile policies. M.G.L.A. c. 175, § 113L.

**[3] Workers' Compensation 413 ⟹2161**

413 Workers' Compensation
413XX Effect of Act on Other Statutory or Common-Law Rights of Action and Defenses
413XX(C) Action Against Third Persons in

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Berger v. H.P. Hood, Inc.Mass.,1993.
Supreme Judicial Court of Massachusetts,Middlesex.
Joanne E. BERGER FN1

FN1. Individually and as administratrix of the estate of Gerard P. Berger.

v.

H.P. HOOD, INC., & another FN2 (and a consolidated case FN3).

FN2. American Mobile Corporation.

FN3. *Berger v. First State Insurance Co.* and Massachusetts Insurers Insolvency Fund.

Argued Sept. 13, 1993.
Decided Dec. 23, 1993.

Employee's wife filed actions against employer, employer's subsidiary, and employer's insurers, seeking underinsured motorist benefits for death of employee in automobile accident during course of employment. The Superior Court Department, Joseph S. Mitchell, Jr., J., consolidated cases and James F. McHugh, J., entered final judgments against wife. The Supreme Judicial Court on its own initiative transferred case from the Appeals Court. The Supreme Judicial Court, Abrams, J., held that: (1) exclusivity provision of Workers' Compensation Act barred recovery of underinsured motorist benefits from employer or employer's excess liability and umbrella insurers; (2) uninsured motorist statute did not require excess liability policies or umbrella policies to provide underinsured motorist benefits; and (3) employer's wholly owned subsidiary that owned truck employee was driving at time of accident was corporate entity separate from employer and, thus, preclusion of claim against employer did not necessarily bar claim against subsidiary.

Affirmed in part, and vacated and remanded in part.

West Headnotes

**[1] Workers' Compensation 413 ⟹2084**

413 Workers' Compensation
413XX Effect of Act on Other Statutory or Common-Law Rights of Action and Defenses
413XX(A) Between Employer and Employee
413XX(A)1 Exclusiveness of Remedies Afforded by Acts
413k2084 k. In General. Most Cited Cases

Exclusivity provision of Workers' Compensation Act barred employee from recovering underinsured motorist benefits from employer for same injury that occurred in course of employment for which workers' compensation benefits had been paid, regardless of whether claim against employer was characterized as contractual or sounding in tort. M.G.L.A. c. 152, § 23; c. 175, § 113L.

**[2] Insurance 217 ⟹2774**

217 Insurance
217XXII Coverage--Automobile Insurance
217XXII(D) Uninsured or Underinsured Motorist Coverage
217k2773 Mandatory Coverage
217k2774 k. In General. Most Cited Cases
(Formerly 217k130.5(1))

Uninsured motorist statute does not require excess liability policies or umbrella policies to provide underinsured motorist benefits; protection contemplated by statute is satisfied by minimum coverage provided in underlying primary automobile policies. M.G.L.A. c. 175, § 113L.

**[3] Workers' Compensation 413 ⟹2161**

413 Workers' Compensation
413XX Effect of Act on Other Statutory or Common-Law Rights of Action and Defenses
413XX(C) Action Against Third Persons in

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

wholly owned subsidiary of Hood, owned the tractor-trailer which Berger was operating at the time of his death. American had leased these vehicles to Hood, which assumed responsibility for their registration and insurance.

***654** At the time of the accident, Hood self-insured its leased vehicles. To fulfill its financial obligations under the motor vehicle financial responsibility laws (G.L. c. 90, §§ 34A et seq. [1992 ed.] ), Hood had purchased a motor vehicle liability bond from the Aetna Insurance Company. The bond contained no provision for uninsured or underinsured motorist coverage. In addition, Hood had also purchased an excess liability policy from Ideal Mutual Insurance Company, the Fund's predecessor [FN6] and an umbrella policy from First.

FN6. Ideal Mutual Insurance Company became insolvent in October, 1984. Pursuant to G.L. c. 175D, § 1 (1992 ed.), the Massachusetts Insurers Insolvency Fund is now the named defendant in the plaintiff's claim.

In compensation for her husband's death, the plaintiff received workers' compensation benefits from Hood. In addition, the plaintiff recovered the maximum amount of money available under the insurance policy of the driver of the automobile that collided with the decedent's tractor-trailer. She also recovered underinsurance benefits under her husband's own automobile policy. [FN7]

FN7. We set forth the procedural history of these cases. On January 17, 1986, the plaintiff filed a complaint seeking underinsured motorist (UM) benefits from the defendants Hood and American. On August 3, 1987, the plaintiff commenced a second action seeking UM coverage from the defendants Fund and First. The two actions were consolidated on December 29, 1987.
In January, 1989, a Superior Court judge granted partial summary judgment to the plaintiff against Hood, American, and Fund on the issue of UM coverage. In June, 1989, the plaintiff and First filed cross-motions for summary judgment. The same judge granted summary judgment to First based on the exclusivity provision of the workers' compensation act, G.L. c. 152, § 23. Relying on this decision, Hood, American, and Fund renewed motions for reconsideration of the summary judgment order against them.
The judge allowed the renewed motions, and vacated the order granting the plaintiff summary judgment against Hood, American, and Fund. In vacating the order, the judge again cited the exclusivity provision of the workers' compensation act and the need for consistent application of rulings of law.
A second Superior Court judge entered separate and final judgment for First on October 17, 1991, and for Hood, American, and Fund on March 4, 1992.
The plaintiff filed timely notices of appeal from these judgments, which were consolidated by the Appeals Court. We transferred the case from the Appeals Court on our own motion.

****949 *655** [1] 1. *The plaintiff's claim against Hood.* The plaintiff asserts that she has a contractual right to recover UM benefits from Hood which is not precluded by the Workers' Compensation Act. "[T]he key to whether the Work[ers'] Compensation Act precludes a common law right of action lies in the nature of the injury for which plaintiff makes claim." *Foley v. Polaroid Corp.*, 381 Mass. 545, 553, 413 N.E.2d 711 (1980), quoting *Gambrell v. Kansas City Chiefs Football Club, Inc.*, 562 S.W.2d 163, 168 (Mo.App.1978). The Workers' Compensation Act has been interpreted to encompass physical and mental injuries arising out of employment. *Id.* at 551, 413 N.E.2d 711. The plaintiff's UM claim derives from the same incident, a personal injury sustained in the course of employment, which gave rise to the payment of workers' compensation. See *McLaughlin v. Stackpole Fibers Co.*, 403 Mass. 360, 362, 530 N.E.2d 157 (1988). Merely characterizing the claim as contractual does not

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

alter the essential nature of this common law claim. Hood, if required to pay UM benefits, still would be paying a worker for an injury sustained in the course of employment.

Courts from other jurisdictions have addressed this question. Although there is a split of authority,[FN8] we are more persuaded by those courts which have determined that the exclusivity provision of a Workers' Compensation Act bars an employee from recovering UM benefits from an employer for an injury in the course of employment. See *Bouley v. Norwich,* 222 Conn. 744, 610 A.2d 1245 (1992); *Gullet v. Brown,* 307 Ark. 385, 820 S.W.2d 457 (1991). In *Bouley,* the Connecticut Supreme Court looked to the purpose behind Connecticut's uninsured motor vehicle statute and determined it was designed to be a "safety net" for motorists who are not otherwise protected. When an employee receives workers' compensation benefits, the Connecticut court concluded that "the policies underlying uninsured motorist coverage are not sufficiently compelling to override ***656** the exclusivity of the Worker's Compensation Act." *Bouley v. Norwich, supra* at 757, 610 A.2d 1245. We agree.

FN8. See *Bouley v. Norwich,* 222 Conn. 744, 610 A.2d 1245 (1992); *Gullet v. Brown,* 307 Ark. 385, 820 S.W.2d 457 (1991). But see *Wright v. Smallwood,* 419 S.E.2d 219; (S.C.1992); *William v. Newport News,* 240 Va. 425, 397 S.E.2d 813 (1990) (divided court); *Heavens v. Laclede Gas Co.,* 755 S.W.2d 331 (Mo.App.1988); *Christy v. Newark,* 102 N.J. 598, 510 A.2d 22 (1986).

Like the Connecticut uninsured motorist statute, G.L. c. 175, § 113L (1992 ed.), was enacted with the objective of protecting the "public from injury caused by motorists who could not make the injured party whole." *Cardin v. Royal Ins. Co.,* 394 Mass. 450, 454, 476 N.E.2d 200 (1985). It was intended " to minimize the possibility of ... catastrophic financial loss [to] the victims of an automobile accident." *Id.,* citing 1968 Senate Doc. No. 1030, at 7. In the case of a workplace injury, the employee is protected from the risk of catastrophic financial loss through workers' compensation. An employee who seeks additional coverage may purchase his own underinsurance coverage, as the plaintiff's decedent did in this case.

The exclusivity provision has been the cornerstone of our Workers' Compensation Act. Our exclusivity provision is very broad. The Legislature has had opportunities to narrow its scope, and has not done so. "Any change in compensation law which would permit a covered employee to recover compensation benefits and, in addition, permit litigation by the employee against his employer to recover for an injury clearly covered by the Workmen's Compensation Act is a public policy decision for the Legislature." *Longever v. Revere Copper & Brass Inc.,* 381 Mass. 221, 226, 408 N.E.2d 857 (1980).[FN9]

FN9. We note that Pennsylvania had that very experience. In *Lewis v. School Dist. of Philadelphia,* 517 Pa. 461, 538 A.2d 862 (1988), the Pennsylvania Supreme Court concluded that an employee could not recover uninsured motorist benefits from his employer because workers' compensation was his exclusive remedy. The Pennsylvania Legislature responded by amending its Uninsured Motorist Act to allow employees to recover from their employers. See *Selected Risks Ins. Co. v. Thompson,* 520 Pa. 130, 143, 552 A.2d 1382 (1989); *American Nat'l Fire Ins. Co. v. Stewart,* 709 F.Supp. 641, 642 (E.D.Pa.1989).

****950** [2][3] 2. *The plaintiff's claims against First and Fund.* The plaintiff asserts that, even if G.L. c. 152, § 23, applies to her claim, only Hood, the direct employer, is entitled to the benefit of that immunity. The plaintiff analogizes her claims for UM benefits against First and Fund to third-party suits, ***657** which are permitted by G.L. c. 152, § 15. [FN10] The analogy is inappropriate. Hood purchased the First and Fund policies to insure it against motor vehicle judgments in excess of its primary coverage. Hood owned the policies. Any

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

suit against Fund and First is essentially a suit against Hood, as owner of the policies. We have determined that suits against Hood are barred by G.L. c. 152, § 23. Thus, summary judgment in favor of First and Fund on Hood's UM coverage was appropriate.

FN10. The plaintiff also contends that First and Fund were mandated by statute to provide underinsured motorist coverage. We recently determined that G.L. c. 175, § 113L, as it existed at the time of the decedent's death in 1981, did not require umbrella policies to provide underinsured motorist coverage. See *Liberty Mut. Ins. Co. v. McLaughlin,* 412 Mass. 492, 590 N.E.2d 679 (1992). "The protection contemplated by the UM statute is satisfied by the minimum UM coverage provided in the underlying primary auto policies, and umbrella policies therefore need not provide UM benefits." *Id.* at 495, 590 N.E.2d 679. That reasoning also applies to excess policies.

[4] 3. *The plaintiff's claim against American.* The defendants suggest that this court pierce the corporate veil and conclude that Hood and American constitute a single employer. American is a wholly owned subsidiary of Hood. The rule in the Commonwealth is that corporations are to be regarded as separate entities where there is no compelling reason of equity "to look beyond the corporate form for the purpose of defeating fraud or wrong, or for the remedying of injuries." *Gurry v. Cumberland Farms, Inc.,* 406 Mass. 615, 626, 550 N.E.2d 127 (1990), quoting *My Bread Baking Co. v. Cumberland Farms, Inc.,* 353 Mass. 614, 618, 233 N.E.2d 748 (1986).

[5] Hood asks us to disregard the corporate form in the case of American. On this record, there is no basis to do so. See *Searcy v. Paul,* 20 Mass.App.Ct. 134, 139, 478 N.E.2d 1275 (1985) (no basis to disregard the corporate fiction absent either "flagrant disregard of corporate barriers" or fraud); *Gordon Chemical Co., Inc. v. Aetna Casualty & Sur. Co.,* 358 Mass. 632, 638, 266 N.E.2d 653 (1971) ("Different corporations usually are distinct entities in law. It is only where the corporation is a sham, or is used to perpetrate deception to defeat a public policy, that it can be disregarded"); ***658***My Bread Baking Co. v. Cumberland Farms, Inc., supra* at 620, 233 N.E.2d 748 (failure to observe with care the formal barriers between corporations may warrant disregard of the separate entities only "in rare particular situations in order to prevent gross inequity"). The fact that American is a wholly owned subsidiary does not permit us to pierce the corporate veil. Corporations may not "assume the benefits of the corporate form and then disavow that form when it is to their and their stockholders' advantage." *Gurry, supra* at 626, 550 N.E.2d 127.

Because American is a corporate entity separate from Hood, it does not benefit from the exclusivity provision of the Workers' Compensation Act. The trial judge based his ruling on the applicability of the exclusivity provision to American. See notes 4 & 7, third par., *supra.* Because we have determined that the corporations are separate entities, we reverse the judge's order of summary judgment for American.

4. *Conclusion.* We affirm the judge's order allowing the motions for summary judgment requested by the defendants Hood, First, and Fund on the issue of Hood's UM coverage. We vacate the judge's order allowing American's motion for summary judgment on the issue of American's UM coverage. The case is remanded to the Superior Court for further ****951** proceedings on the plaintiff's claim against American.

*So ordered.*

Mass.,1993.
Berger v. H.P. Hood, Inc.
416 Mass. 652, 624 N.E.2d 947

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.