# EXHIBIT 2

reimbursement of its compensation payments from damages recovered by the employee from responsible third parties. The employer's WC obligations are typically set off against the proceeds of any tort settlement or judgment for benefits paid or payable in the future. See James Rison III v. Air Filter Systems, Inc., RI Supreme Court, No. 95-510 M.P., February 2, 1998 (W.C.C. 91-15632).

Case: * In George McCarthy et al v. Environmental Transportation Services, Inc., No. 03-376 (January 25, 2005), the petitioners sought review by writ of certiorari of a decree of the Appellate Division of the Workers' Compensation Court (Appellate Division) denying a petition for review of a benefits determination made by the respondent. This petition called upon the Supreme Court to interpret the meaning of "excess damages" as it is used in the formula set forth in G.L. 1956 § 28-35-58 for determining the number of weeks an injured employee's weekly compensation benefits should be suspended to account for damages recovered from a responsible third party. The Appellate Division had concluded that the term "excess damages" was the gross amount of an employee's tort recovery, after reimbursement of prejudgment weekly compensation benefits.

The Supreme Court held that "excess damages," for purposes of § 28-35-58, means the amount remaining, if any, of compensatory damages recovered from a responsible third party after deductions for the reimbursement of pre-settlement or prejudgment workers' compensation benefits and that portion of attorney's fees and court costs attributable to the reimbursed amount. The Supreme Court quashed the judgment and remanded the case for further proceedings. (Courtesy: Rhode Island Supreme Court)

### *Employer's/Employee's Uninsured Coverage*

An employee who is in an auto accident while on duty can collect both WC and uninsured motorists' benefits from his employer's auto insurer. Since his employer's insurer does not represent a third-party tortfeasor, the insurer cannot take any credit or seek reimbursement against WC benefits. See Hull v. Town of Plymouth, N.H. Supreme Court, No. 95-835, March 3, 1999. See Shutter v. Philips Display Co., 90 N.Y.2d 703 (1997).

### *Insurer's Right to Recovery against Third Party*

In any case where an employer or his/her legal representative fails to pursue recovery from a third party, the insurer or self-insurer may do so. However, any excess recovered by the insurer or the self insured goes to the employee (R.I.G.L. 28-35-58 (b) (c).

## INJURED ON DUTY (IOD) - RI STATE EMPLOYEES

Chapter 45-19, known as the "injured on duty" statute, applies to men and woman employed in law enforcement and fire fighting. To be covered by the provisions of Chapter 45-19, job classifications must be specifically identified as "protected classes" in R.I.G.L. 45-19-1.