**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

HEIDI M. BAKER
*Plaintiff*

VS. DOCKET NO.: 07-314ML

SAFETY SOURCE NORTHEAST AND
ST. PAUL TRAVELERS INSURANCE
*Defendant*

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT**

## I. STATEMENT OF THE CASE

The facts of this case are not in dispute. On or about December 17, 2002, the plaintiff, Heidi M. Baker, while operating a motor vehicle during the course of her employment, was involved in a motor vehicle accident on Interstate Route 93 in Boston, Massachusetts. The vehicle in question was leased by her employer, Safety Source Northeast. As a result of that accident, plaintiff sustained serious personal injuries. Ms. Baker was operating a 2000 Ford Econoliner van registered to Ford Motor Credit of Atlanta, Georgia.

Although the accident occurred in Massachusetts, suit was filed in Rhode Island, as Ms. Baker lived, and was employed in, the State of Rhode Island. She filed for and received workers' compensation benefits pursuant to Rhode Island law. Of interest with respect to the matter before this Honorable Court is the fact that the plaintiff was not eligible for Massachusetts workers' compensation benefits. At the time of the accident, defendant, St. Paul Travelers Insurance Company had issued a motor vehicle policy of insurance to Safety Source Northeast. This policy was issued in the Commonwealth of Massachusetts and contained underinsured motorist coverage. The policy also provided that St. Paul would pay all sums the insured is legally entitled to recover as damages from the owner or operator of an underinsured motor vehicle.

Ms. Baker made a third party claim against the operator of the other vehicle, who was responsible for the accident. Their insurer paid its policy limits. The Plaintiff's damages exceeded the amount paid, resulting in Ms. Baker making an underinsured motorist claim against St. Paul Travelers Insurance company. St. Paul denied that claim alleging that Ms. Baker is precluded from collecting underinsured motorist benefits from her employers' automobile policy pursuant to *Berger v. H.B. Hood*, 424 Mass. 144 (1995). Ms. Baker then brought this action seeking underinsured motorist coverage.

## II. STANDARD OF SUMMARY JUDGMENT

In ruling upon a motion for summary judgment, the court is obligated to examine the pleadings, depositions, answers to interrogatories, admissions on file, and the parties' affidavits to determine if a genuine issue of material fact exists and if the moving party is entitled to judgment (See Super. Ct.R.Civ. P. 56(c); see also *Saltzman v. Atlantic Realty Company, Inc.* 434 A.2d 1343 (R.I. 1981); see also *Ludwig v. Kowal*, 419 A.2d 297, 301 (R.I. 1980). Now that the defendant has moved for summary judgment, the plaintiff has an "affirmative duty to respond with specific facts that would constitute a genuine issue for trial." *Ludwig* at 301; Super. Ct.R.Civ.P. 56(c). The Defendants cannot "rest upon the mere allegations or denials of [his] pleadings." Id. Summary judgment may be a drastic remedy, but it is required as a matter of law when there is no genuine issue of material fact.

The United States Supreme Court indicated that the specific inquiry with respect to Summary Judgment under Fed.R.Civ.P. 56(c) is whether the evidence presents sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby*, 106 S.Ct. 2502, 477 U.S. 242, 91 L.Ed.2d 202 (1986). In *Anderson*, as well as in *Celotex Corp. v. Catrell*, 106 S.Ct.2548, 477 U.S. 317, 91 L.Ed.2d 265 (1986), the Court emphasized the importance of summary judgment as a means of filtering out cases which should not go to trial. "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually

unsupported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose." *Celotex*, 106 S.Ct. 2553. The Court further stated that:

> Rule 56 must be construed with due regard, not only for the rights of persons, claims and defenses tried to a jury, but also to the rights of persons opposing such claims and defenses to demonstrate in a manner provided by the rule, prior to trial, that the claims and defenses have no factual basis.

Id. at 2555

## III. ARGUMENT

### (A) Whether or not Plaintiff, Heidi Baker is entitled to underinsured motorist coverage pursuant to the policy of insurance issued by St. Paul Travelers Insurance to Safety Source Northeast.

The plaintiff and defendant in this case do not dispute the facts. At issue is whether or not plaintiff is entitled to receive underinsured motorist coverage as allowed by Rhode Island law, or whether Massachusetts law bars the plaintiff from making such a claim. The plaintiff first argues that Rhode Island law should apply and she should receive said benefits. Ms. Baker further argues that even if the Court were to apply Massachusetts law, *Berger v. H.B. Hood* does not preclude her from collecting underinsured motorist benefits.

In 1968, the Rhode Island Supreme Court rendered a decision in the benchmark case of *Woodard v. Stuart*, 104 R.I. 291, wherein it adopted the interest weighing approach to conflict of law cases. The Court stated, when faced with the conflict of law situation, it is to apply the following guidelines in determining which jurisdiction has the more significant interest with reference to a particular issue. Number (one), predictability of results; (two) maintenance of interstate and international order; (three) simplification of judicial task; (four) advancement of the forms governmental interest; and (five) application of the better of law. In that case, the Rhode Island Supreme Court noted in *Woodward* that all parties involved were residents of the State of Rhode Island. The trip started and ended in Rhode Island, the guest host relationship arose in Rhode Island, and suit was commenced in Rhode Island. The Court noted that all of the interest factors, other than the locust of the accident, point to the application of

Rhode Island law. Similarly, in the instant action, most of the interest factors point to Rhode Island. Specifically, the plaintiff is a resident of the State of Rhode Island. Both defendants are licensed and conduct business in the State of Rhode Island. The plaintiff received workers' compensation benefits through the Rhode Island Workers' Compensation system. The trip and the plaintiffs' delivery route started in Rhode Island. Also, the plaintiff was hired in the State of Rhode Island.

*Woodard v. Stuart* involved conflict of laws in a tort case. In *RederEnterprises v. Loomis, Fargo & Co.*, 490 F.Supp. 2d 111 (D.Mass 2007), the Massachusetts Court dealt with an action for breach of contract in which defendant argued that an enforceable forum selection clause required the plaintiff to bring suit in Texas. In determining the correct forum, the Court cited nine factors, articulated by Judge Bruce Selya, when he was a District Court Judge in Rhode Island. Citing *D'Antuono.v. CCH Computax Sys.,Inc, 570 F.Supp @ 712* the Court listed the nine factors as:

1. The identity of the law which governs the construction of the contract.
2. The place of execution of the contract.
3. The place where the transactions have been or are to be performed.
4. The availability of remedies in the designated forum.
5. The public policy of the initial forum state.
6. The location of the parties. The convenience of prospective witnesses and the accessibility of evidence.
7. The relative bargaining power of the parties and the circumstances surrounding their dealings.
8. The presence or absence of fraud, undue influence or other extenuating or exacerbating circumstances
9. The conduct of the parties.

The Court also quoted Judge Selya in stating that "while each of these facts has some degree of relevance and some claim to weight, there are no hard and fast rules, no precise formula. The totality of the circumstances measured in the interest of justice will and should ultimately control." The Court then analyzed the nine factors. In the matter now before this Honorable Court, the insurance policy in question does not contain a forum selection clause. Interestingly, it does contain an arbitration clause, but does not state which state law would control. Therefore, this factor would appear to be equal to both parties. The second factor, place of execution, could be considered a toss up in that plaintiffs' contract of employment is controlled by Rhode Island, whereas, the defendant St. Paul Insurance's contract with Safety Source

would be Massachusetts. The third factor, the place where the transactions have been, or are to be, performed should favor Rhode Island in that Ms. Baker was operating the covered motor vehicle primarily in the State of Rhode Island and her route covered Rhode Island. Factor four, the availability of remedies in the designated forum, are equal in each state. The fifth factor, public policy of the initial forum state, is an important one. One could argue that in Massachusetts the workers' compensation laws differ so as to negate need for underinsured motorist coverage. That is to say, under Massachusetts law, workers compensation coverage may not be the same as Rhode Island. Different public policy considerations would apply. Since the plaintiff is receiving benefits pursuant to Rhode Island law, she should be allowed to receive underinsured motorist coverage as permitted by Rhode Island law. She is not able to avail herself of benefits allowed under Massachusetts Workers' Compensation laws. Factor six, again, would favor the plaintiff, as she resides in Rhode Island. Both defendants are licensed in, conduct business in, and have a presence in, the State of Rhode Island. All of the plaintiffs' medical providers are located in Rhode Island and in fact, there are no witnesses from Massachusetts that would be involved in the litigation. Factor seven, the relative bargaining power of the parties, also should favor the plaintiff in that she had no choice but to agree to the terms issued by her employer and her employers' insurance carrier. Both defendants are operating in the State of Rhode Island and have more significant bargaining power than the plaintiff. Factor eight is not an issue in this matter, nor is factor nine.

Finally, the totality of the circumstances measured in the interest of justice should favor the plaintiff. There is no question that the plaintiff would be entitled to underinsured motorist benefits under any other policy of insurance. Nothing in the Massachusetts policy issued by St. Paul's Insurance precludes or excludes coverage to the plaintiff. The defendant is relying on case law, not a policy provision.

(B) **Defendants reliance on *Berger v. Hood* is misplaced.**

St. Paul's Insurance Company has repeatedly stated that Ms. Baker is precluded from collecting underinsured motorist benefits from her employers' automobile policy pursuant to *Berger v. H.B. Hood*. In that case, the Massachusetts court did hold that the exclusivity provision of the Workers'

Compensation Act barred an employee from recovering underinsured motorist benefits from his or her employer for the same injury that occurred in the course of employment, for which workers' compensation benefits had been paid regardless of whether the claim against the employer was characterized as contractual, or sounding in tort. In that case, Mr. Berger was killed in an automobile accident while in the course of his employment with H.B. Hood. Hood was self-insured and purchased a motor vehicle liability bond. *The bond did not contain a provision for underinsured motorist coverage*. (emphasis added). Hood also purchased an excess liability policy from another insurance carrier and an umbrella policy from a third carrier. The plaintiff in that case sought to impose underinsured motorist coverage directly against the employer and then, through it, to the motor vehicle liability bond, the excess liability policy, and finally the umbrella policy. The court analyzed plaintiffs' claim and found that the exclusivity provisions of Massachusetts Workers' Compensation Act barred an employees claim against the owner and insurer of the employers' motor vehicles for underinsurance benefits. There simply was no contractual basis for this claim. Of note in this case is the fact that Ms. Baker's employer did, in fact, purchase underinsured motorist coverage. That contract specifically includes Ms. Baker as an insured and specifically provides coverage of up to $100,000.00 per person for injuries sustained by an insured in a motor vehicle accident. There is no exclusion for coverage in the policy. *Berger v. H.B. Hood* simply does not stand for the proposition the defendant claims it does. Therefore, regardless of which law is applied, the plaintiff should be entitled to coverage of underinsured motorist benefits.

Respectfully submitted,
Plaintiff, Heidi M. Baker,
By her Attorneys,

/s/William F. Warren
William F. Warren, Esq. (5766)
454 Broadway
Providence, RI 02909
(401)751-3900

/s/Anthony J. Gianfrancesco
Anthony J. Gianfrancesco, Esq. (2762)
Baluch, Gianfrancesco, Mathieu & Alger
155 South Main Street
Providence, RI 02903
(401) 331-1434

**CERTIFICATION**

I hereby certify that a true copy of the above documents filed through the ECF system will be sent electronically to Paul Sullivan, Esquire, Sullivan, Signore, Whitehead & DeLuca, LLP, 86 Weybosset Street, Suite 400, Providence, Rhode Island 02903 on this 30th day of April, 2008.

/s/Anthony J. Gianfrancesco