UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HEIDI M. BAKER,<br><br>Plaintiff,<br><br>v.<br><br>SAFETY SOURCE NORTHEAST and ST. PAUL TRAVELERS INSURANCE COMPANY,<br><br>Defendants. | ) | CIVIL ACTION NO. 07-0314 ML |

**DEFENDANT ST. PAUL TRAVELERS INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Now comes defendant St. Paul Travelers Insurance Company (Travelers) in the above-entitled declaratory judgment action and submits this Memorandum of Law in support of its motion for summary judgment.

## I. Facts.

### A. The Underlying Action: Massachusetts Automobile Accident

On December 17, 2002, Heidi Baker was injured in an automobile accident that occurred on the Southeast Expressway in Massachusetts. As a result of that accident, Ms. Baker filed a worker's compensation claim in Rhode Island against her employer, Safety Source, and received Rhode Island worker's compensation benefits. For the same injury and as a result of that same automobile accident, Baker has made a claim against her employer Safety Source for underinsured motorist coverage.[1]

[1] Baker's complaint references Safety Source's worker's compensation policy, WVA 570040809W001, which does not provide for underinsured motorist benefits. Instead, Baker's underinsured motorist claim would need to be made under Safety Source's Massachusetts Business Automobile Policy.

Safety Source of New England, Inc., is a Massachusetts corporation, and has a principal place of business located in Massachusetts. Exhibit 1. The subject business automobile policy is a Massachusetts insurance policy, which was executed and delivered in Massachusetts. Exhibit 2.

**B. The Massachusetts Business Auto Policy**

Travelers issued a business auto policy number MA05700143 to Safety Source of New England, Inc., with effective dates of December 12, 2002, to December 12, 2003. Exhibit 2. That policy contains an endorsement titled "Underinsured Motorists Coverage – Massachusetts" (form MM 99 54 09 98), and provides, in pertinent part:

> **UNDERINSURED MOTORISTS COVERAGE -- MASSACHUSETTS**
>
> A. **Coverage.**
>
> We will pay all sums an insured is legally entitled to recover as damages from the owner or operator of an "underinsured motor vehicle." The damages must result from "bodily injury" sustained by the insured caused by an "accident." The owner's or operator's liability for these damages must result from the ownership, maintenance or use of an "underinsured motor vehicle."

Underinsured Motorists Coverage – Massachusetts (form MM 99 54 09 98). Exhibit 3. This insurance policy was produced by a Massachusetts agent, and executed and delivered in Massachusetts. Exhibit 2.

**II. Standard of Review**

Rule 56(c) of the Federal Rules of Civil Procedure sets forth the standard for ruling on a summary judgment motion, and states:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

**III. Argument**

**A. Massachusetts' law applies to the interpretation of the Policy**

The terms of an insurance policy are interpreted according to the same rules of construction governing contracts. Town of Cumberland v. Rhode Island Interlocal Risk Management Trust, 860 A.2d 1210, 1215 (R.I. 2004); Pawtucket Mutual Insurance Co. v. Gay, 786 A.2d 383, 386 (R.I. 2001). The court looks at the four corners of a policy, viewing it "in its entirety, affording its terms their 'plain, ordinary and usual meaning.'" Casco Indemnity Co. v. Gonsalves, 839 A.2d 546, 548 (R.I. 2004) (quoting American Commerce Insurance Co. v. Porto, 811 A.2d 1185, 1192 (R.I. 2002)). The court should follow the literal policy language unless it deems the policy to be ambiguous. Pawtucket Mutual Insurance Co., 786 A.2d at 386 (citing Sjogren v. Metropolitan Property & Casualty Insurance Co., 703 A.2d 608, 610 (R.I. 1997)).

Here, the business automobile policy's named insured is Safety Source of New England, Inc., a Massachusetts corporation, with a principal place of business in Massachusetts. The business auto policy's underinsured motorist endorsement is explicitly titled, and states in bold and all capital letters, "**UNDERINSURED MOTORIST COVERAGE - MASSACHUSETTS**" (emphasis in original). Further, the subject policy was executed in Massachusetts, and delivered to Safety Source in Massachusetts.

In Baker v. Hanover Insurance Company, the Rhode Island Supreme Court addressed a similar issue in determining whether Massachusetts or Rhode Island law should apply to the interpretation of an uninsured motorist provision in an insurance policy issued to a Massachusetts corporation. Baker v. Hanover Insurance Company, 568 A.2d 1023 (R.I. 1990). In Baker v. Hanover, the plaintiff was a Rhode Island resident involved in an automobile accident that occurred in Rhode Island. Baker, 568 A.2d at 1024. The court, however, held that

Massachusetts law applied to the interpretation of the subject insurance policy's uninsured motorist provision (at issue was a question pertaining to stacking), and in so doing, stated, in pertinent part:

> In the case at bar we are dealing with a policy of insurance executed and delivered in the Commonwealth of Massachusetts to a Massachusetts corporation whose principal place of business is located in South Attleboro, Massachusetts. Consequently the construction of this policy must be determined in accordance with Massachusetts law.

Baker, 568 A.2d at 1024. (citations omitted).

Similarly, in determining whether Rhode Island or Massachusetts law would apply to the interpretation of an insurance contract, the United States District Court for the District of Rhode Island cited the Baker case, and stated, in pertinent part:

> In the case of insurance contracts, the Rhode Island Supreme Court has held that when the insured is a Massachusetts corporation doing business in Massachusetts, and the contract is executed and delivered in Massachusetts, Massachusetts law governs the interpretation of the contract.

Hartford Casualty Ins. Co. v. A&M Associates, Ltd., 200 F. Supp. 2d 84, 87 (D.R.I. 2002). The federal district court then stated, "In the instant case, the insurance policy was issued in Massachusetts to a Massachusetts corporation. Therefore, Massachusetts law governs the interpretation of the insurance contract." Id. (citation omitted).

The United States District Court for the District of Rhode Island again addressed which State's law should be applied to the interpretation of an insurance contract in the recent case of LaPlante v. York Insurance Company of Maine, 2008 U.S. Dist. Lexis 6002 (D.R.I, January 28, 2008). In LaPlante, the Court addressed whether Vermont or Rhode Island law should apply to an insurance contract dispute involving "stacking" of uninsured motorist coverage. The LaPlante court also cited the Baker v. Hanover Insurance Company case, and stated, in pertinent part:

> The Baker court held, however, that Massachusetts law controlled the construction of the insurance policy because the insurance policy at issue was "executed and delivered in the

> Commonwealth of Massachusetts to a Massachusetts corporation whose principal place of business is located in . . . Massachusetts."

LaPlante, 2008 U.S. Dist. Lexis 6002 at 8 (D.R.I, January 28, 2008). The LaPlante court then observed that the insurance contract was issued and delivered in the state of Vermont; was issued to individuals who had Vermont drivers' licenses and listed a Vermont address on the insurance policy; the subject vehicle was registered in Vermont; and the insurance policy listed the "risk state" as Vermont. The Court, in citing to the Baker case, then determined that the insurance policy must be construed in accordance with Vermont law.

Here, the Policy is a Massachusetts Business Automobile Policy, and the plaintiff seeks to make a claim under that Policy's underinsured motorist coverage, which itself is explicitly labeled "Underinsured Motorist Coverage – Massachusetts." The Policy was executed and delivered in Massachusetts. Safety Source of New England, Inc., is a Massachusetts corporation with a principal place of business in Massachusetts. The automobile accident that gives rise to the underinsured motorist claim occurred in Massachusetts.[2] Finally, the subject vehicle that Safety Source owned and Baker was operating when the accident occurred was registered in Massachusetts. Accordingly, as the Rhode Island Supreme Court held in Baker v. Hanover, and the United States District Court of Rhode Island has held in a line of cases, Massachusetts law must govern the interpretation of the subject Policy.

### B. **Massachusetts law bars Ms. Baker's claim for underinsured motorist benefits under her employer's Massachusetts' business automobile policy, as she has already collected worker's compensation benefits from her employer for the same injury.**

---

[2] We note that were this matter a third-party tort claim – as opposed to an insurance dispute – that Massachusetts law would most likely be applied, as the automobile accident occurred in Massachusetts. Significantly, the underlying claims in both the Baker v. Hanover and LaPlante cases were automobile accidents that occurred in Rhode Island, and were attempting to apply Rhode Island law to the insurance contract interpretation. Here, the automobile accident didn't even occur in Rhode Island.

Massachusetts law clearly bars Baker's claim for underinsured motorist benefits under her employer's business automobile policy. In Berger v. H.P. Hood, Inc., 624 N.E.2d 947 (Mass. 1993) the Massachusetts Supreme Court directly addressed the issue of an employee who has collected worker's compensation benefits from their employer, and then makes a claim under their employer's uninsured motorist coverage for the same injury. The Court, in Berger, stated, in pertinent part:

> The plaintiff's UM claim derives from the same incident, a personal injury sustained in the course of employment, which gave rise to the payment of workers' compensation. Merely characterizing the claim as contractual does not alter the essential nature of this common law claim. Hood, if required to pay UM benefits, still would be paying a worker for an injury sustained in the course of employment.
>
> Courts from other jurisdictions have addressed this question. Although there is a split of authority, we are more persuaded by those courts which have determined that the exclusivity provision of a Workers' Compensation Act bars an employee from recovering UM benefits from an employer for an injury in the course of employment.

Berger v. H.P. Hood, Inc., 624 N.E.2d 947, 949 (Mass. 1993).

In National Union Fire Ins. Co. v. Figaratto, the Massachusetts Supreme Court cited to its decision in Berger, and stated, in pertinent part:

> The cost of UM coverage for employers would be substantially higher than otherwise if that coverage in a standard policy applied to employees' on-the-job motor vehicle injuries. That increase would not be accompanied by a corresponding reduction in the cost of workers' compensation coverage.
> We decline to abandon the position that we so recently took in the *Berger* case. **An employee injured on the job by an underinsured third person is not permitted to recover UM benefits provided under a standard policy by an employer's motor vehicle insurer.**

National Union Fire Ins. Co. v. Figaratto, 667 N.E.2d 877, 880 (Mass. 1996) (emphasis added).

Here, Baker was injured on the job in an automobile accident, by an underinsured third person. The Massachusetts Supreme Court could not be more explicit in its direction. The employee, Baker, is barred from recovering underinsurance benefits from her employer's motor vehicle insurer.

**IV. Conclusion**

For the reasons stated above and those that will be raised at the oral argument of this motion, Baker's claims for underinsured motorist coverage under the Policy are barred, as Massachusetts law applies, and does not allow such claims. As such, Travelers requests that this court grant its summary judgment motion.

ST. PAUL TRAVELERS INSURANCE COMPANY,

By its attorneys,

/ s/ Paul Sullivan

Paul V. Sullivan (#5712)
Sullivan Signore Whitehead & DeLuca LLP
86 Weybosset Street, Suite 400
Providence, RI 02903
Tel: (401) 861-9900
Fax: (401) 861-9977
psullivan@sswdlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that an exact copy of the within document was electronically mailed to the Electronic Case Filing system of the Unite States District Court for its distribution to all counsel of record, this 30th day of April, 2008.

/ s / Paul Sullivan

Paul V. Sullivan