**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

HEIDI M. BAKER
*Plaintiff*

VS. DOCKET NO.: 07-314ML

SAFETY SOURCE NORTHEAST AND
ST. PAUL TRAVELERS INSURANCE
*Defendant*

PLAINTIFF'S MEMORANDUM IN RESPONSE
TO DEFENDANT'S MEMORANDUM IN SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT

The Plaintiff and Defendant in this case do not dispute the facts. At issue is whether or not Plaintiff is entitled to receive underinsured motorist coverage as allowed by Rhode Island Law, or whether Massachusetts law bars the Plaintiff from making such a claim. It is the Plaintiff's position that she is entitled to such coverage, regardless of which state's law applies, as *Berger v. H.B. Hood, 424 Mass. 144 (1995)* does not preclude her from collecting underinsured motorist benefits in Massachusetts. Also, in support of Plaintiff's position that Rhode Island law should apply to the present matter, Ms. Baker suggests to this Honorable Court that the weight of interest in the present matter points to Rhode Island law as being in the best interests of judgment.

The Defendants rely heavily on the case of *Berger v. Hood* to support its position that the Plaintiff is not entitled to underinsured motorist benefits. While the Defendant notes several similarities between the facts of the present matter and those found in *Berger*, an important distinction has not been addressed.

In *Berger*, the Plaintiff was killed in an automobile accident while engaged in activities related to his employment with H.B. Hood. Hood was self-insured and purchased a motor vehicle liability bond. The bond, however, *did not provide a provision for underinsured motorist*

*coverage*, and this fact was key to the Massachusetts Trial Court's holding that the exclusivity provision of the Workers' Compensation Act barred him from recovering underinsured motorist benefits from his employer. (Emphasis added). In the case before this Honorable Court, the policy purchased by Safety Source Northeast *does* provided for underinsured motorist coverage. Therefore, the Defendant's reliance on *Berger v. H.B. Hood* is misplaced, as its facts materially deviate from the uncontested facts before this Honorable Court.

In support of her position that Rhode Island law is better suited to the facts of the present matter, Ms. Baker points to an interest weighing approach which favors Rhode Island, as opposed to Massachusetts law. This Court has determined nine factors to consider with respect to Choice of Law in Tort actions. These factors, cited in *D'Antuano v. CCH Computax Sys., Inc., 570 F.Supp at 712*, are:

1. The identity of the law which governs the construction of the contract
2. The place of execution of the contract.
3. The place where the transactions have been or are to be performed.
4. The availability of remedies in the designated forum.
5. The public policy of the initial forum state.
6. The location of the parties and the convenience of prospective witnesses, and the accessibility of evidence.
7. The relative bargaining power of the parties and the circumstances surrounding their dealings.
8. The presence or absence of fraud, undue influence or other extenuating or exacerbating circumstances.
9. The conduct of the parties.

Although courts of this jurisdiction consider these nine factors in determining which law applies to the facts before it, Judge Seyla, in *Reder Enterprises v. Loomis, Fargo & Co., 490 F.Supp. 2d 111 (D.Mass 2007)* declared that, "while each of these facts has some degree of relevance and some claim to weight…the totality of the circumstances measured in the interest of judgment will and should ultimately control."

The policy at issue before this Honorable Court does not contain a forum selection clause, despite the Defendant's insistence that it is a "Massachusetts policy." Similarly, it

contains an arbitration clause, yet does not specify which state law controls. While the place of execution, as stated by the Defendant, is Massachusetts with respect to the contract between Defendants St. Paul and Safety Source, the employment contract between the Plaintiff and Safety Source was executed in Rhode Island. With respect to the place where the transactions have been or are to be performed, Ms. Baker primarily operated the covered vehicle in the State of Rhode Island, as her delivery route was located in the State of Rhode Island. Perhaps the most significant factor is the public policy of the forum state, and it favors Rhode Island law. Each state has different policy considerations that affect the rights of the Plaintiff. Since the Plaintiff is receiving benefits pursuant to Rhode Island law, she, and the State of Rhode Island have more interest in evaluating underinsured motorist coverage under the laws of this state, as opposed to the Commonwealth of Massachusetts. Ms. Baker is not able to avail herself of the benefits allowed under Massachusetts Workers Compensation law. Rhode Island has a significant interest in protecting the rights of residents injured within its borders. It is important, also, to note that the Plaintiff is a resident of the State of Rhode Island. Ms. Baker's medical providers, potential witnesses, are located in Rhode Island. In addition, while the Defendant claims to be a Massachusetts corporation with a principle places of business located in the Commonwealth of Massachusetts, it also maintains a presence in the State of Rhode Island, is licensed in Rhode Island, and conducts business in the State of Rhode Island, as does the Plaintiff's employer. Based on the above, the "totality of the circumstances" favors the Plaintiff, and as such, in the interest of justice, Rhode Island law should apply.

Respectfully submitted,
Plaintiff, Heidi M. Baker,
By her Attorneys,

/s/William F. Warren
William F. Warren, Esq. (5766)
454 Broadway
Providence, RI 02909
(401) 751-3900

/s/Anthony J. Gianfrancesco
Anthony J. Gianfrancesco, Esq. (2762)
Baluch, Gianfrancesco, Mathieu & Alger
155 South Main Street
Providence, RI 02903
(401) 331-1434

CERTIFICATION

I hereby certify that a true copy of the above document filed through the ECF system will be sent electronically to Paul Sullivan, Esq., Sullivan, Signore, Whitehead & DeLuca, LLP, 86 Weybosset Street, Suite 400, Providence, Rhode Island 02903 on this the _8th____ day of May, 2008.

/s/Anthony J. Gianfrancesco