UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HEIDI M. BAKER,<br><br>Plaintiff,<br><br>v.<br><br>SAFETY SOURCE NORTHEAST and ST. PAUL TRAVELERS INSURANCE COMPANY,<br><br>Defendants. | ) | CIVIL ACTION NO. 07-0314 ML |

**DEFENDANT ST. PAUL TRAVELERS INSURANCE COMPANY'S REPLY MEMORANDUM TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Now comes defendant St. Paul Travelers Insurance Company (Travelers) in the above-entitled declaratory judgment action and submits this Reply Memorandum pursuant to Local Rule 7(b)(2). Pursuant to that Rule, Travelers responds briefly and specifically to the issues that the plaintiff has raised.

## I. Plaintiff's Memorandum Cites to No Case Law Pertaining to Insurance Coverage or Interpreting Insurance Policy Language.

The plaintiff's memorandum of law cites to no case law pertaining to the interpretation of an insurance contract. Instead, the plaintiff relies on a tort case (Woodard v. Stuart, 104 R.I. 291 (1968)) and a contract/forum selection clause case (Reder Enterprises v. Loomis, Fargo & Co., 490 F. Supp. 111 (D. Mass. 2007)) as guidance for which jurisdictions law would apply to the interpretation of the subject business automobile policy. As indicated in defendant's previously submitted memorandum, the Court should instead rely on the line of cases following Baker v. Hanover Ins. Company, 268 A.2d 1023 (R.I. 1990), which specifically apply to the interpretation of insurance contracts and the determination of which state's laws should apply to the same.

## II. Plaintiff's Memorandum Cites to No Insurance Policy Language to Support Claim for Underinsured Motorist Benefits.

Plaintiff's memorandum of law does not cite to any insurance policy language to support their claim for underinsured motorist benefits. Additionally, the plaintiff's complaint seeks underinsured motorist benefits, but cites to a worker's compensation policy (WVA 570040809W001). The referenced worker's compensation policy does not provide an employee any underinsured motorist benefits. Instead, Baker's claim for underinsured motorist benefits falls under her employer's Massachusetts' business automobile policy.

## III. Plaintiff's Allegation that Massachusetts' Law Does Not Bar Her From Collecting Underinsured Motorist Benefits from Her Employer or Employer's Insurer is Incorrect.

In Berger v. Hood, 624 N.E.2d 947 (Mass. 1993), the Massachusetts Supreme Court clearly addressed whether an employee can collect underinsured motorist benefits from her employer, when she has already collected worker's compensation benefits from the employer for the same injury. The plaintiff appears to rely on the distinction that the employer in that case was self-insured, and had allegedly purchased a motor vehicle liability bond. That distinction holds no merit, as the Berger court clearly states that an employee's suits against her employer – including UM claims – are barred where worker's compensation benefits have already been collected for the same injury. As the Berger court explicitly stated, in pertinent part:

> Hood [the employer] purchased the First and Fund policies to insure it against motor vehicle judgments in excess of its primary coverage. Hood owned the policies. Any suit against Fund and First is essentially a suit against Hood, as owner of the policies. We have determined that suits against Hood are barred by *G. L. c. 152, § 23* [worker's compensation bar]. Thus, summary judgment in favor of First and Fund on Hood's UM coverage was appropriate.

Berger, 624 N.E.2d at 950.[1] Similarly, the Massachusetts Supreme Court, in National Union Fire Ins. Co. v. Figaratto, discarded any attempt to distinguish Berger v. Hood based on the types of insurance policies that had been involved in that case. As the Figaratto court clearly stated, in pertinent part:

> The employee in *Berger v. H.P. Hood, Inc., 416 Mass. 652, 624 N.E.2d 947 (1993)*, was killed in the accident, and the plaintiff was his widow and the administratrix of his estate. **The insurance claims concerned excess liability coverage and an umbrella policy rather than, as here, a standard motor vehicle policy. Nothing turns on these differences**.

National Union Fire Ins. Co. v. Figaratto, 667 N.E. 2d 877, 879 fn. 2 (R.I. 1996) (emphasis added).

Wherefore, Travelers requests that this court grant its motion for summary judgment.

ST. PAUL TRAVELERS INSURANCE COMPANY,

By its attorneys,

/ s/ Paul Sullivan

Paul V. Sullivan (#5712)
Sullivan Signore Whitehead & DeLuca LLP
86 Weybosset Street, Suite 400
Providence, RI 02903
Tel: (401) 861-9900
Fax: (401) 861-9977
psullivan@sswdlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the within document was electronically mailed to the Electronic Case Filing system of the United States District Court for its distribution to all counsel of record, this 12th of May, 2008.

/ s / Paul Sullivan

Paul V. Sullivan

[1] We also note that the plaintiff cites to the second Berger decision (647 N.E.2d 632 (Mass. 1997)), which affirmed the prior Berger decision, and awarded the defendants double costs, and deemed that second appeal "frivolous."