UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

HEIDI M. BAKER,                         :
           Plaintiff,                   :
                                        :
      v.                                :    CA 07-314 ML
                                        :
SAFETY SOURCE NORTHEAST and             :
ST. PAUL TRAVELERS INSURANCE            :
COMPANY,                                :
           Defendants.                  :

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

   Before the Court are cross motions for summary judgment filed by Plaintiff Heidi M. Baker ("Plaintiff" or "Baker") and Defendant St. Paul Travelers Insurance Company ("Defendant" or "St. Paul").[1]  The motions have been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  After reviewing the filings, listening to oral argument, and performing independent research, I recommend that Defendant St. Paul Travelers Insurance Company's Motion for Summary Judgment (Document ("Doc.") #14) ("Defendant's Motion") be granted and that Plaintiff's Motion for Summary Judgment (Doc. #12) ("Plaintiff's Motion") be denied.

**Facts[2]**

---

   [1] St. Paul notes that it has been misnamed as "St. Paul Travelers Insurance" and not as "St. Paul Fire & Marine Insurance Company."  See Notice of Removal Pursuant to 28 U.S.C. § 1446 (Document ("Doc.") #1) ("Notice of Removal") at 1; Answer and Jury Demand of Defendant St. Paul Fire & Marine Insurance Company (Doc. #3) ("Answer") at 1.

   [2] The facts are taken from Plaintiff's Complaint for Declaratory Judgement (Doc. #1-2) ("Complaint"), Heidi M. Baker's Statement of Undisputed Facts (Doc. #13) ("Plaintiff's SUF"), and Defendant St. Paul Travelers Insurance Company's Statement of Undisputed Facts (Doc. #16) ("Defendant's SUF").

The following facts are undisputed. Plaintiff is a Rhode Island resident. She was employed, at all relevant times, by Safety Source Northeast ("Safety"), a Massachusetts corporation licenced to do business in Rhode Island with a satellite office in Rhode Island. Safety is the named insured on St. Paul business auto policy MA 05700143.[3]

On December 17, 2002, Plaintiff was working and operating a vehicle owned or leased by Safety when she was involved in an automobile accident in Massachusetts. Plaintiff filed for and received workers' compensation benefits through the Rhode Island Workers' Compensation system. She states that she also filed a third-party claim against the tortfeasor with whom she was involved in the accident and that the party's insurance coverage was insufficient to cover the medical costs and injuries she sustained.[4] Plaintiff then submitted a claim through Safety's underinsured bodily injury policy. St. Paul denied Plaintiff's claim for underinsured motorist benefits.

### Travel

Plaintiff originally filed her Complaint for Declaratory Judgement (Doc. #1-2) ("Complaint") in the Superior Court for Providence County, Rhode Island, on or about August 1, 2007. See Notice of Removal Pursuant to 28 U.S.C. § 1446 (Doc. #1) ¶ 2.

---

[3] In the Complaint, Plaintiff referred to an insurance policy numbered WVA570040809W001. See Complaint ¶ 3. At the July 16, 2008, hearing on the motions, Plaintiff's counsel indicated that this reference was an inadvertent error and that Plaintiff intended to cite the auto insurance policy. Defendant's counsel noted the error in its filings, but stated at the hearing that it was not seeking to delay resolution of the matter. Accordingly, the Court treats the Complaint as if it identified the intended policy, MA 05700143.

[4] In its Answer, Defendant neither admits nor denies this allegation. See Answer ¶ 8. However, it did not dispute a similar statement in Plaintiff's SUF. See Plaintiff's SUF ¶ 15; Defendant St. Paul Travelers Insurance Company's Statement of Additional Undisputed Facts in Support of Objection to Plaintiff's Motion for Summary Judgment (Doc. #25) (including no disputed facts).

She seeks a judgment declaring that "the defendants, Safety Source Northeast and St. Paul Travelers Insurance[,] is [sic] not entitled to deny certain coverage[]s under a policy of insurance ... for claims arising out of an automobile accident which occurred on December 17, 2002, in the State of Massachusetts." Complaint at 1. St. Paul's removed the action to this Court on August 17, 2007. See Docket. On November 16, 2007, Plaintiff's claim against Safety was voluntarily dismissed. See id.

Plaintiff's Motion and Defendant's Motion were filed on April 30, 2008. See id. They were subsequently referred to this Magistrate Judge for findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B). See id. A hearing was held on July 16, 2008, see id., and the matter was thereafter taken under advisement.

### Summary Judgment Standard

"Summary judgment is appropriate if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Commercial Union Ins. Co. v. Pesante, 459 F.3d 34, 37 (1st Cir. 2006)(quoting Fed. R. Civ. P. 56(c)); accord Kearney v. Town of Wareham, 316 F.3d 18, 21 (1st Cir. 2002). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it carries with it the potential to affect the outcome of the suit under the applicable law." Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000)(quoting Sánchez v. Alvarado, 101 F.3d 223, 227 (1st Cir. 1996)).

In ruling on a motion for summary judgment, the court must examine the record evidence "in the light most favorable to, and drawing all reasonable inferences in favor of, the nonmoving

party." Feliciano de la Cruz v. El Conquistador Resort & Country Club, 218 F.3d 1, 5 (1st Cir. 2000)(citing Mulero-Rodriguez v. Ponte, Inc., 98 F.3d 670, 672 (1st Cir. 1996)). "[T]he standards are the same where, as here, both parties have moved for summary judgment." Pacific Ins. Co. v. Eaton Vance Mgmt., 369 F.3d 584, 588 (1st Cir. 2004)(quoting Bienkowski v. Northeastern Univ., 285 F.3d 138, 140 (1st Cir. 2002)(citing 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2720, at 335-36 (3d ed. 1998)("The court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard."))); see also Specialty Nat'l Ins. Co. v. OneBeacon Ins. Co., 486 F.3d 727, 732 (1st Cir. 2007)("The presence of cross-motions for summary judgment neither dilutes nor distorts this standard of review.")(quoting Mandel v. Boston Phoenix, Inc., 456 F.3d 198, 205 (1st Cir. 2006)).

The non-moving party may not rest merely upon the allegations or denials in its pleading, but must set forth specific facts showing that a genuine issue of material fact exists as to each issue upon which it would bear the ultimate burden of proof at trial. See Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d at 53 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S.Ct. 2505 (1986)). "[T]o defeat a properly supported motion for summary judgment, the nonmoving party must establish a trial-worthy issue by presenting enough competent evidence to enable a finding favorable to the nonmoving party." ATC Realty, LLC v. Town of Kingston, 303 F.3d 91, 94 (1st Cir. 2002)(quoting LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 842 (1st Cir. 1993))(alteration in original)(internal quotation marks omitted).

"[W]hen the facts support plausible but conflicting inferences on a pivotal issue in the case, the judge may not

choose between those inferences at the summary judgment stage." <u>Coyne v. Taber Partners I</u>, 53 F.3d 454, 460 (1st Cir. 1995). Furthermore, "[s]ummary judgment is not appropriate merely because the facts offered by the moving party seem more plausible, or because the opponent is unlikely to prevail at trial. If the evidence presented is subject to conflicting interpretations, or reasonable men might differ as to its significance, summary judgment is improper." <u>Gannon v. Narragansett Elec. Co.</u>, 777 F. Supp. 167, 169 (D.R.I. 1991) (citation and internal quotation marks omitted).

### Discussion[5]

**I.   The Motions**

Defendant states that:

> Heidi Baker was involved in an automobile accident in the course of her employment on December 17, 2002, and Ms. Baker has made a claim against her employer's business automobile insurance policy for underinsured motorist benefits. Ms. Baker's employer, [Safety], had a [St. Paul's] business auto policy MA 05700143 which contained underinsured motorist coverage. The employer is located in Massachusetts, the subject insurance contract is a Massachusetts policy, the policy was executed and delivered in Massachusetts, the accident occurred in Massachusetts, and the vehicle that the employee was in when the accident occurred is registered in Massachusetts. Massachusetts law applies to the interpretation of this Massachusetts insurance policy, and under Massachusetts case law, it is clear that an employee cannot collect both workers' compensation benefits and underinsured motorists benefits from their [sic] employer for the same injury.

---

[5] The parties make the same arguments with regard to their own motions and their objections to the other party's motion. Accordingly, the Court discusses the motions together, keeping in mind that it must, "on an individual and separate basis, determin[e], for each side, whether a judgment may be entered in accordance with the Rule 56 standard." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 2720, at 335-36 (3d ed. 1998).

5

Defendant's Motion at 1 (citing <u>Berger v. H.P. Hood, Inc.</u>, 624 N.E.2d 947 (Mass. 1993)).  Plaintiff asserts that:

> The plaintiff and defendant in this case do not dispute the facts.  At issue is whether or not plaintiff is entitled to receive underinsured motorist coverage as allowed by Rhode Island law, or whether Massachusetts law bars the plaintiff from making such a claim.  The plaintiff first argues that Rhode Island law should apply and she should receive said benefits.  Ms. Baker further argues that even if the Court were to apply Massachusetts law, <u>Berger v. H.[P]. Hood</u> does not preclude her from collecting underinsured motorist benefits.

Plaintiff's Memorandum of Law in Support of Her Motion for Summary Judgment ("Plaintiff's Mem.") at 3.

**II.  Choice of Law**

As noted above, Defendant argues that Massachusetts law should apply in the instant matter, <u>see</u> Defendant's Motion at 1; Defendant St. Paul Travelers Insurance Company's Memorandum of Law in Support of Its Motion for Summary Judgment (Doc. #15) ("Defendant's Mem.") at 3-5.  Plaintiff contends that Rhode Island law should control.  <u>See</u> Plaintiff's Mem. at 3-5.

The basis for this Court's jurisdiction in the instant matter is diversity.  <u>See</u> Notice of Removal ¶¶ 6-7.

> In cases based on diversity jurisdiction, the Court applies the substantive law of the state in which it sits, including that state's choice of law rules. <u>Erie R.R. Co. v. Tompkins</u>, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); <u>Spurlin v. Merchants Ins. Co.</u>, 57 F.3d 9, 10 (1st Cir. 1995).  Rhode Island follows the 'interest-weighing' approach to determine what law to apply to a given situation.  <u>Najarian v. National Amusements, Inc.</u>, 768 A.2d 1253, 1255 (R.I. 2001).  The Court reviews a series of factors to determine "the law of the state that bears the most significant relationship to the event and the parties." <u>Id.</u> (quoting <u>Cribb v. Augustyn</u>, 696 A.2d 285, 288 (R.I. 1997)).  **In the case of insurance contracts, the Rhode Island Supreme Court has held that when the insured is a Massachusetts corporation doing business in Massachusetts, and the contract is**

> **executed and delivered in Massachusetts, Massachusetts law governs the interpretation of the contract.** Baker v. Hanover Ins. Co., 568 A.2d 1023, 1025 (R.I. 1990). In the instant case, the insurance policy was issued in Massachusetts to a Massachusetts corporation. Therefore, Massachusetts law governs the interpretation of the insurance contract. See id.

Hartford Cas. Ins. Co. v. A & M Assocs., Ltd., 200 F.Supp.2d 84, 87 (D.R.I. 2002)(bold added); see also Baker v. Hanover Ins. Co., 568 A.2d at 1025 ("In the case at bar we are dealing with a policy of insurance executed and delivered in the Commonwealth of Massachusetts to a Massachusetts corporation whose principal place of business is located in South Attleboro, Massachusetts. Consequently the construction of this policy must be determined in accordance with Massachusetts law.").

Here, Plaintiff has not disputed St. Paul's statements that: "[Safety] is a Massachusetts corporation," Defendant St. Paul Travelers Insurance Company's Statement of Undisputed Facts ("Defendant's SUF") ¶ 7; "[Safety's] principal place of business is in Massachusetts," id. ¶ 8; and "[Safety's] business auto policy MA 05700143 was executed and delivered in Massachusetts," id. ¶ 11.[6] Accordingly, those facts are deemed admitted. See LaPlante v. York Ins. Co. of Maine, C.A. No. 07-62, 2008 U.S. Dist. LEXIS 6002, at *3 (D.R.I. Jan. 28, 2008)("[A]ny fact alleged in the movant's [s]tatement of [u]ndisputed [f]acts shall be deemed admitted unless expressly denied or otherwise

---

[6] Plaintiff did not file a statement of disputed facts as required by the local rules. See DRI LR Cv 56(a)(3) ("For purposes of a motion for summary judgment, any fact alleged in the movant's Statement of Undisputed Facts shall be deemed admitted unless expressly denied or otherwise controverted by a party objecting to the motion. An objecting party that is contesting the movant's Statement of Undisputed Facts shall file a Statement of Disputed Facts, which shall be numbered correspondingly to the Statement of Undisputed Facts, and which shall identify the evidence establishing the dispute, in accordance with the requirements of paragraph (a)(2).").

controverted by a party objecting to the motion.")(quoting DRI LR Cv 56(a)(3)) (alterations in original).  Moreover, the vehicle which Plaintiff was driving at the time of the accident was registered in Massachusetts, and the accident occurred in Massachusetts.  See Defendant's SUF ¶¶ 9-10; see also DRI LR Cv 56(a)(3).  Although Plaintiff states that Safety is "licensed to do business in the State of Rhode [Island] and conducts business from a satellite office located in the State of Rhode Island," Plaintiff's SUF ¶ 3, that "the employment contract between the Plaintiff and Safety Source was executed in Rhode Island," Plaintiff's Obj. at 3, and that she "primarily operated the covered vehicle in the State of Rhode Island, as her delivery route was located in the State of Rhode Island," id., here, as was the situation in Baker, "we are dealing with a policy of insurance executed and delivered in the Commonwealth of Massachusetts to a Massachusetts corporation whose principal place of business is located in ... Massachusetts," 568 A.2d at 1025.

Therefore, following the Rhode Island Supreme Court's direction and this Court's precedent, the Court concludes that Massachusetts law should be applied.  See Baker v. Hanover Ins. Co., 568 A.2d at 1025; see also LaPlante v. York Ins. Co. of Maine, 2008 U.S. Dist. LEXIS 6002, at *8-9 (following Baker in construing automobile insurance policy); Hartford Cas. Ins. Co. v. A & M Assocs., Ltd., 200 F.Supp.2d at 87.

**III. Entitlement to Underinsured Motorist Benefits**

Defendant argues that Massachusetts law bars Plaintiff's claim for underinsured motorist benefits under Safety's business automobile policy because she has already collected workers' compensation benefits from Safety for the same injury.  See Defendant's Mem. at 5-6 (citing Berger v. H.P. Hood, Inc., 624 N.E.2d 947 (Mass. 1993)).  Plaintiff asserts that "she is

entitled to such coverage, regardless of which state's law applies, as Berger v. H.[P]. Hood, 424 Mass. 144 (1995)[,] does not preclude her from collecting underinsured motorist benefits in Massachusetts." Plaintiff's Memorandum in Response to Defendant's Memorandum in Support of Its Motion for Summary Judgment ("Plaintiff's Obj.") at 1; see also Plaintiff's Mem. at 3, 5-6.

In Berger v. H.P. Hood, the Massachusetts Supreme Judicial Court addressed the issue of whether the exclusivity provision of the Massachusetts Workers' Compensation Act, G.L. c. 152, § 23, barred the claim of an employee (who had collected workers' compensation benefits) against the owner and insurer of the employer's motor vehicles for underinsurance ("UM") benefits. See 624 N.E.2d at 948. The court noted that:

> The plaintiff's UM claim derives from the same incident, a personal injury sustained in the course of employment, which gave rise to the payment of workers' compensation. Merely characterizing the claim as contractual does not alter the essential nature of this common law claim. Hood, if required to pay UM benefits, still would be paying a worker for an injury sustained in the course of employment.

Id. at 949 (internal citations omitted). The Berger court held that "the exclusivity provision of a Workers' Compensation Act bars an employee from recovering UM benefits from an employer for an injury in the course of employment. Id. (citing Bouley v. Norwich, 610 A.2d 1245 (Conn. 1992). The court explained that the Massachusetts workers' compensation statute

> was enacted with the objective of protecting the "public from injury caused by motorists who could not make the injured party whole." It was intended "to minimize the possibility of ... catastrophic financial loss [to] the victims of an automobile accident." In the case of a workplace injury, the employee is protected from the risk of catastrophic financial loss through workers' compensation. An employee who seeks additional coverage

>     may purchase his own underinsurance coverage ....

Id. (alterations in original)(internal citations omitted).

Plaintiff argues that, despite the holding in Berger, she is not precluded from collecting underinsured motorist benefits in Massachusetts. See Plaintiff's Obj. at 1; Plaintiff's Mem. at 5-6. First, Plaintiff attempts to distinguish Berger by noting that in that case the employer was self insured and purchased a motor vehicle liability bond which "*did not contain a provision for underinsured motorist coverage ...*," Plaintiff's Mem. at 6; see also Plaintiff's Obj. at 1-2. However, in National Union Fire Insurance Co. of Pittsburgh, PA v. Figaratto, 667 N.E.2d 877 (Mass. 1996), the Massachusetts Supreme Judicial Court revisited its holding in Berger, id. at 878, and noted that although in Berger "[t]he insurance claims concerned excess liability coverage and an umbrella policy rather than, as here, a standard motor vehicle policy," id. at 879 n.2, "**[n]othing turns on these differences**," id. (bold added). The court stated that:

>     We decline to abandon the position that we so recently took in the Berger case. An employee injured on the job by an underinsured third person is not permitted to recover UM benefits provided under a standard policy by an employer's motor vehicle insurer.

Id. at 880.

Plaintiff also argues that "[s]he is not able to avail herself of benefits allowed under Massachusetts Workers' Compensation laws," Plaintiff's Mem. at 5; see also Plaintiff's Obj. at 3; Affidavit of Heidi Baker ("Plaintiff's Aff.") (Doc. #24) ¶ 10, and that "[s]ince the plaintiff is receiving [workers' compensation] benefits pursuant to Rhode Island law, she should be allowed to receive underinsured motorist coverage as permitted

by Rhode Island law," Plaintiff's Mem. at 5.[7] The Court disagrees. Plaintiff could have filed a claim for workers' compensation benefits in Massachusetts because she was injured in Massachusetts during the course of her employment. See Lavoie's Case, 135 N.E.2d 750, 751-52 (Mass. 1956)("We are of [the] opinion that an employee, as here, who suffers injury in this Commonwealth arising out of and in the course of his employment while performing work under a contract of hire made in another State where he was principally employed can recover under our act."); see also Spencer v. Kantrovitz, 392 F.Supp.2d 29, 31 n.3 (D. Mass. 2005)("An employee with an out-of-state 'contract for hire' is covered by the Workers' Compensation Act if he is injured while performing any part of his job in Massachusetts.") (citing Lavoie's Case); cf. Sullivan v. Bankhead Enters., Inc., Civ. A. No. 84-1186-N, 1986 WL 13947, at *1 (D. Mass. Dec. 11, 1986) ("As a Massachusetts employee who was injured during the course of his employment while in Maine, [the plaintiff] had the option of collecting benefits under the Workmen's Compensation statutes in either jurisdiction."). Thus, Plaintiff's argument is unavailing.

Under Massachusetts law Plaintiff is precluded from recovering UM benefits from St. Paul's because she has collected workers' compensation benefits for the same injury. Therefore Plaintiff is not entitled to such benefits, and St. Paul's has not breached its contract with Safety.

### Summary

The Court finds that Massachusetts law should govern the instant dispute. The Court additionally finds that, applying

---

[7] Plaintiff makes this point in support of her argument that Rhode Island law should apply. See Plaintiff's Mem. at 5; Plaintiff's Obj. at 3. However, the Court has already determined that Massachusetts law should apply.

Massachusetts law, Plaintiff is precluded from receiving UM benefits from her employer's insurer, St. Paul's.  I therefore recommend that Defendant's Motion be granted and that Plaintiff's Motion be denied.

## Conclusion

For the foregoing reasons, I recommend that Defendant's Motion for Summary Judgment be granted and that Plaintiff's Motion for Summary Judgment be denied.  Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10)[8] days of its receipt.  See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
December 30, 2008

---

[8] The ten days do not include intermediate Saturdays, Sundays, and legal holidays.  See Fed. R. Civ. P. 6(a).